### ACTION FOR CANCELLATION OF A SUBSTITUTED BENEFIT CERTIFICATE.

Circuit Court of Cuyahoga County.

LENA STRAUCH V. SIMON STRAUCH, CARRIE STRAUCH AND THE SUPREME COUNCIL OF THE ROYAL ARCANUM.

Decided, May 20, 1907.

*Mutual Benefit Societies—Change of Beneficiary—Ante-nuptial Contract—Premature Action.*

Where a husband and wife, who had entered into an ante-nuptial contract in which he assigned all his property to her, later separated and he took out a second certificate in a mutual benefit association, which, by the by-laws of the association changed the beneficiary; in an action by the wife who was the first beneficiary against the husband, the association and the new beneficiary to compel the cancellation of the new certificate and the recognition of the plaintiff as beneficiary, it was *Held*: That the action was prematurely brought.

*J. C. Block* and *David B. Stone*, for plaintiff.
*C. W. Fuller* and *Laubscher & Kees*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The defendant, Simon Strauch, is the husband of the plaintiff, and father of the defendant, Carrie Strauch, and a member and

certificate holder in the Supreme Council of the Royal Arcanum.

Simon Strauch and his wife were married August 20, 1893; prior to that time they entered into an ante-nuptial contract in writing, whereby he assigned all of his property to her. His business and health failing, he became unable to support his wife, and they have lived apart since April, 1900; he now lives with one of his daughters by a former marriage, Carrie Strauch.

The ante-nuptial contract makes no specific mention of his death benefit certificate in the Royal Arcanum, but that certificate and a policy of insurance in another company were made payable to Mrs. Strauch in September, 1897. Upon their separation the wife kept the custody of their two children, and by agreement with her husband, kept up the assessments on said certificate, payable, as aforesaid, to her. Some time afterwards, while living with his daughter by the first marriage, Simon Strauch wrote his wife, requesting her to send him said certificate. This request she did not comply with; whereupon, pursuant to the regulations of the Royal Arcanum in such case provided, he caused a new certificate to be issued to him in place of the former one, with his daughter Carrie as the designated beneficiary. Prior to that time the wife had paid the assessments; since then, the daughter has paid them. They have increased from about $4 a month during the prior period to about $16 per month at the present time.

Mrs. Strauch now brings her action for a cancellation of the substituted certificate and for the recognition of herself as the true beneficiary.

The regulations of the order permit members to change beneficiaries at pleasure, negative the existence of any vested right in a beneficiary, and provide that assignments of death benefit certificates shall be void. The Royal Arcanum is incorporated under the laws of Massachusetts, whose statutes and decisions have recognized and enforced these provisions. The Royal Arcanum is here resisting the granting of the relief prayed for by plaintiff. It insists that the alleged agreement between Mr. and Mrs. Strauch is void and creates no vested right in the latter.

In *Tisch* v. *Home Circle*, 72 Ohio State, 233, Davis, C. J., delivering the opinion of the court says at page 260:

"But prior to the death of the insured what enforcement of rights can accrue to the beneficiary? That is the question which is presented in this case. The insured may acquire rights in his or her lifetime which may be protected by law, but before the death of the insured the contract is in general executory as to the rights of the beneficiary. It may be rescinded by the parties or it may be defeated by failure of the insured to perform."

Without assuming to say that Simon Strauch and his wife might not enter into a contract valid as between themselves, whereby he divests himself of the right to change the beneficiary in his certificate, we think this action is prematurely brought. The wife and daughter are contesting about a mere expectancy. There is no fund in existence, for the death benefit, if and when it shall become payable, will be derived from assessments upon the members of the order who shall then be in good standing. It is as if two purchasers of a future catch of fish should litigate the question of their respective rights therein before the fish are caught.

The plaintiff's petition is therefore dismissed without prejudice to a future action after the death of Simon Strauch.